WHEELER v SHELBY CHARTER TOWNSHIP

Docket No. 249116. Submitted April 5, 2005, at Detroit. Decided April 12, 2005, at 9:05 a.m.

Gerald Wheeler, individually and as the representative of a class of similarly situated Shelby Charter Township residents, brought an action in the Macomb Circuit Court against the township and its board of trustees, challenging the constitutionality of a township ordinance requiring that all single-family and duplex residences in the township pay one waste disposal contractor a flat fee for waste disposal. The plaintiff claimed that the charges created by the ordinances and the township's subsequent contract and renewals created a tax in violation of the Headlee Amendment, Const 1963, art 9, § 31, and the renewal of the contract without competitive bidding violated the dormant Commerce Clause doctrine, US Const, art I, § 8, cl 3. The court, Diane M. Druzinski, J., found no violation of the Headlee Amendment or the Commerce Clause, except that it found a Headlee violation with respect to portions of the ordinance that allowed the township to assess, collect, and retain a penalty for late payments and that authorized the township to add delinquent charges to a resident's tax bill and impose a lien for any unpaid charges. The plaintiff appealed, and the defendants cross-appealed.

The Court of Appeals *held*:

1. The township's ordinance does not violate the Headlee Amendment, Const 1963, art 9, § 31, which requires the approval of electors for the levying of a new tax. A fee is exchanged for a service rendered or a benefit conferred, and some reasonable relationship exists between the amount of the fee and the value of the service or benefit. A tax, on the other hand, is designed to raise revenue. A user fee serves a regulatory purpose, is proportionate to the necessary costs of that service, and is voluntary. In this case, the regulatory purpose is to ensure the efficient removal of waste products and to protect the public health, the waste hauler bills the residents directly and receives all the revenues generated by the fee to offset the costs of collection and disposal, and the lack of volition does not render the user fee a tax for purposes of the Headlee Amendment. The waste collection and disposal fee is a

valid user fee and its creation does not implicate the Headlee Amendment. Likewise, the provisions of the ordinance relating to late payment or nonpayment do not implicate the Headlee Amendment. Those provisions are valid penalty provisions that serve to further a regulatory function.

2. Because the ordinance required the defendants to award the contract by competitive bid and because the bid advertisement and bidding packet clearly placed all potential bidders on notice that they would be bidding for a three-year contract subject to three-year extensions, the defendant's selection process evenhandedly regulated commerce and only incidentally affected interstate commerce. The trial court correctly determined that the bidless renewal process did not violate the dormant Commerce Clause doctrine.

Affirmed in part and reversed in part.

1. CONSTITUTIONAL LAW — HEADLEE AMENDMENT — USER FEES.

The imposition of a user fee is not subject to voter approval as the imposition of a new tax would be; three criteria distinguish a fee from a tax: a user fee serves a regulatory purpose, a user fee is proportionate to the necessary costs of the service, and a user fee is voluntary (Const 1963, art 9, § 31).

2. CONSTITUTIONAL LAW — COMMERCE CLAUSE — DORMANT COMMERCE CLAUSE DOCTRINE.

The Commerce Clause of the United States Constitution is a self-executing limitation on the power of states to enact regulations imposing substantial burdens on interstate and foreign commerce; a statute or ordinance that discriminates on its face against interstate commerce and in favor of local businesses is virtually invalid per se as it will be unconstitutional unless the state governmental body can show, under rigorous scrutiny, that it has no other means to advance a legitimate local interest; if the statute or ordinance does not discriminate against interstate commerce on its face, a balancing test is performed to determine whether the statute or ordinance merely regulates evenhandedly with only incidental effects on interstate commerce; the statute or ordinance will be upheld under this balancing test unless the burden imposed on interstate commerce is clearly excessive in relation to the putative local benefit (US Const, art I, § 8, cl 3).

*Ferriby, Houston & Belanger* (by *Robert L. Ferriby, Jr.* and *Randall A. Juip*) for the plaintiff.

*Seibert and Dloski, PLLC* (by *Robert J. Seibert*), for the defendants.

Before: DONOFRIO, P.J., and MURPHY and BORRELLO, JJ.

DONOFRIO, P.J. Representative plaintiff, a resident of defendant township, commenced this action challenging the constitutionality of the township's Ordinance 211. That ordinance requires single-family residences within the township to use a single waste hauler approved by the township for the disposal of household solid waste and to pay a fee to the hauler for the services. Plaintiff asserted in the circuit court that the fees authorized by the ordinance constituted a tax enacted without voter approval in violation of Const 1963, art 9, § 31, popularly known as the Headlee Amendment, and that defendants' subsequent renewal of its contract with the waste hauler without opening the process to competitive bidding constituted a violation of the Commerce Clause of the United States Constitution, US Const, art I, § 8, cl 3, under the dormant Commerce Clause doctrine. The trial court granted summary disposition in favor of plaintiff with regard to subsections e and f of § 9.126 of the ordinance, finding that these provisions created a tax in violation of the Headlee Amendment. In all other regards, the court upheld the constitutionality of the ordinance and granted summary disposition in favor of defendants. Plaintiff appeals and defendants cross-appeal as of right.

Because the waste hauler fees were fees for services rather than taxes, the imposition of user fees did not offend Const 1963, art 9, § 31. Further, a review of the record reveals that the process defendants employed for selecting a waste hauler regulates commerce evenhandedly and only incidentally and permissibly affects inter-

state commerce so as to be in accord with US Const, art I, § 8, cl 3. For these reasons, we affirm in part and reverse in part.

I

On June 3, 1997, defendant township board amended Chapter 9 of its revised code of ordinances by adopting its Ordinance 210 for the purposes of establishing and implementing a program of solid waste collection and disposal by a single designated waste hauler. Section 9.121 of Ordinance 210 directed the township to select the waste hauler and award it an exclusive waste collection and disposal contract with the township by employing a sealed competitive bidding process. This ordinance applied only to single-family residences and duplexes. Defendants advertised for bids for the single hauler waste collection and disposal program. Although six bid packets were picked up by six separate waste haulers, defendants received only four bids. Defendants awarded the contract to the low bidder, Laidlaw Waste Systems of Southfield, Michigan, now known as Great Lakes Waste Services.

On June 11, 1997, defendants entered into a waste collection and disposal contract with Great Lakes. Paragraph 3 of the contract stated that the contract would be in effect for three years and was subject to extension for an additional three-year period at the township's option. Under the terms of the contract, Great Lakes bills each residential customer quarterly for the trash pickup service and the residential customer pays Great Lakes directly. The amount of the collection and disposal fee is set forth in the contract.

On July 1, 1997, the board amended Ordinance 210 by enacting Ordinance 211. Among other changes made to Ordinance 210, the amendment added §§ 9.126 and

9.127 to the Ordinance. Sections 9.126(a) and (b) require the waste hauler to charge fees for the collection and disposal of solid waste, as set forth in the waste collection and disposal contract, and to bill the single family waste "generation sites" on a quarterly basis. Section 9.126(e) authorizes the township to assess, collect, and retain a penalty of three dollars or ten percent of the amount due whenever an invoice mailed by the waste hauler is not paid within five days after the due date. Section 9.126(f) authorizes the township to collect delinquent collection and disposal charges by adding them to the tax bills and by imposing liens against the property of the delinquent residents in the amounts owed. Section 9.127 makes it a misdemeanor to violate any provision of the ordinance and authorizes the imposition of a $500 fine, imprisonment not to exceed ninety days, or both, upon conviction.

On September 19, 2000, defendants renewed the single waste hauler collection and disposal contract with Great Lakes and extended the contract until June 30, 2003.[1] Plaintiff subsequently commenced this action. Plaintiff alleged that the various fees authorized by § 9.126 constituted taxes because those fees served a revenue generating purpose and were disproportionate to the value of the benefit provided, and because participation in the trash collection and disposal program and payment of the fees billed were both enforceable through an exercise of the township's police powers. Plaintiff further alleged that the tax imposed by § 9.126 of the ordinance was not approved by a majority of the township electors as mandated by the Headlee Amendment and, therefore, was enacted in violation of the Headlee Amendment, rendering Ordinance 211 uncon-

---

[1] The parties agree that defendants again extended the contract with Great Lakes until 2006.

stitutional. Finally, plaintiff asserted that defendants' act of renewing the contract with Great Lakes without first securing new competitive bids violated the Commerce Clause.

On cross-motions for summary disposition, the trial court concluded that the collection and disposal fee charged by Great Lakes bore a direct and proportional relationship to the benefits provided each residence served and generated no revenue for the township. Therefore, the court found that the fee constituted a permissible user fee not subject to the constraints of the Headlee Amendment. The court found that the lack of any element of volition in the ordinance did not render the fee an impermissible tax where the other criteria otherwise dispositively indicated that the fee was a user fee.

The court did find, however, that the delinquency charges authorized by subsection e of § 9.126 of the ordinance constituted a tax for the purposes of the Headlee Amendment because the township could retain the fees collected and, thereby, raise revenue for the township's general fund. The court then struck down that subsection as unconstitutional because the new tax authorized by the subsection was levied without being subjected to approval of a majority of the township's voting residents. The trial court similarly struck down subsection f of § 9.126 as unconstitutional under the Headlee Amendment.

Finally, the court rejected plaintiff's Commerce Clause claim. The court found that the ordinance neither discriminated against out-of-state waste haulers nor impaired interstate commerce where nothing in the language of the ordinance restricted the awarding of the single waste hauler contract to a Michigan waste hauler and where the contract was awarded on the basis of an

open and competitive bidding process. The court further found that plaintiff had failed to provide any authority for the proposition that the renewal of a valid contract violated the Commerce Clause.

II

Plaintiff moved for summary disposition pursuant to MCR 2.116(C)(9) and (10), while defendants moved for summary disposition pursuant to MCR 2.116(C)(10) only. A motion for summary disposition brought pursuant to MCR 2.116(C)(9) tests the sufficiency of the defendant's pleadings by accepting all well-pleaded allegations as true. Summary disposition under this rule is proper if the defendant fails to raise a valid defense to a claim. "If the defenses asserted are so clearly untenable as a matter of law that no factual development could possible deny the plaintiff's right to recovery," then summary disposition under this rule is proper. *Dimondale v Grable*, 240 Mich App 553, 564; 618 NW2d 23 (2000) (citations deleted).

A motion brought under MCR 2.116(C)(10) requires this Court to review the pleadings, affidavits, and other documentary evidence submitted, make all reasonable inferences therefrom, and determine whether a genuine issue of material fact exists, giving the nonmoving party the benefit of reasonable doubt. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 617-618; 537 NW2d 185 (1995); *Dimondale,* 240 Mich App at 566. "The nonmoving party must produce evidence showing a material dispute of fact left for trial in order to survive a motion for summary disposition under this court rule." *Id.*

This Court reviews de novo decisions to grant summary disposition. *Dimondale,* 240 Mich App at 563. Likewise, this Court reviews de novo constitutional questions, including whether legislative acts violate the

Commerce Clause, *Wayne Co v Hathcock*, 471 Mich 445, 455; 684 NW2d 765 (2004); *Westlake Transportation, Inc v Pub Service Comm*, 255 Mich App 589, 619; 662 NW2d 784 (2003); *Jefferson Smurfit Corp v Dep't of Treasury*, 248 Mich App 271, 277; 639 NW2d 269 (2001), as it does questions involving the interpretation of ordinances, *Soupal v Shady View, Inc*, 469 Mich 458, 462; 672 NW2d 171 (2003).

III

Ordinance 211 does not violate § 31 of the Headlee Amendment. Const 1963, art 9, § 31 provides in relevant part:

> Units of Local Government are hereby prohibited from levying any tax not authorized by law or charter when this section is ratified . . . without the approval of a majority of the qualified electors of that unit of Local Government voting thereon. . . .

An application of this section of the Headlee Amendment is triggered by the levying of a tax. *Bolt v City of Lansing*, 459 Mich 152, 154, 158-159; 587 NW2d 264 (1998). It invalidates the levying of any new tax not already authorized by law at the time of the ratification of the Headlee Amendment unless voter approval of that tax is secured. Const 1963, art 9, § 31. A unit of local government may institute a user fee, however, without violating the Headlee Amendment because, rather than being an exercise of the unit's power to tax, it is an exercise of the unit's police power to regulate the public health, safety, and welfare. See MCL 41.181; MCL 333.12752; MCL 333.12753; *Bolt*, 459 Mich at 159; *Merrelli v St Clair Shores*, 355 Mich 575, 583; 96 NW2d 144 (1959).

Our Supreme Court addressed the distinction between a fee and a tax in *Bolt*:

Generally, a "fee" is "exchanged for a service rendered or a benefit conferred, and some reasonable relationship exists between the amount of the fee and the value of the service or benefit." *Saginaw Co [v John Sexton Corp of Michigan,* 232 Mich App 202, 210; 591 NW2d 52 (1998)]; *Vernor v Secretary of State,* 179 Mich 157, 164, 167-169; 146 NW 338 (1914). A "tax," on the other hand, is designed to raise revenue. *Bray v Dep't of State,* 418 Mich 149, 162; 341 NW2d 92 (1983). [*Bolt,* 459 Mich at 161.]

The *Bolt* Court identified the three criteria of a fee as follows: (1) a user fee serves a regulatory purpose, (2) a user fee is proportionate to the necessary costs of that service, and (3) a user fee is voluntary. *Id.* at 161-162. "[T]hese criteria are not to be considered in isolation, but rather in their totality, such that a weakness in one area would not necessarily mandate a finding that the charge is not a fee." *Graham v Kochville Twp,* 236 Mich App 141, 151; 599 NW2d 793 (1999); see also *Bolt,* 459 Mich at 167 n 16.

The collection and disposal charge authorized by § 9.126(a) of the ordinance satisfies the first criterion. The ordinance authorizing the township's entrance into an exclusive contract with a waste hauler for the collection and disposal of solid waste clearly serves regulatory purposes, i.e., to ensure the efficient removal of waste products and to protect the public health. *Peninsula Sanitation, Inc v Manistique,* 208 Mich App 34, 40-41; 526 NW2d 607 (1994).

The collection and disposal charge also satisfies the second criterion. The documentation supplied to the trial court establishes that the waste hauler bills customers directly and receives all revenues generated by the fee to offset the costs of collection and disposal. In this regard, the charge bears the classic characteristics of a user fee. This Court presumes the amount of the fee to be reasonable, "unless the contrary appears on the

face of the law itself or is established by proper evidence . . . ." *Graham*, 236 Mich App at 154-155, quoting *Vernor*, 179 Mich App at 168. The documentation supplied to the trial court offers no ground to rebut this presumption. The ordinance does not set the amount of the disposal fee. Rather, Great Lakes set the fee pursuant to an open, competitive bid and arrived at the fee amount by averaging the service costs over the number of residences served. To the extent that plaintiff argues that the fee is disproportional to the benefit bestowed because Great Lakes charges each residence the same amount regardless of the amount of solid waste the household produces, plaintiff offers no evidence of any alternative means of more accurately establishing the cost of collection and disposal for each residence.

Because only those who receive the mandated service pay for that service and because plaintiff has failed to rebut the presumption that the fee is proportional to the benefit bestowed, the presumed proportionality of the fee supports the conclusion that the collection and disposal charge is a user fee and not a tax.

With regard to the third criterion, the ordinance clearly mandates participation in the residential collection and disposal program and payment for that service. Absolutely no element of volition is involved because the ordinance makes failure to comply with the mandated service a misdemeanor subject to punishment by up to ninety days in jail, a fine of up to $500, or both. The ordinance also authorizes the township to collect delinquent charges by adding them to the tax bills and by imposing liens against the properties of the delinquent residents. Nevertheless, the lack of volition does not render a charge a tax, particularly where the other criteria indicate the challenged charge is a user fee and not a tax. *Bolt*, 459 Mich at 167 n 16; *Westlake Trans-*

*portation,* 255 Mich App at 616. The first two criteria so clearly demonstrate the collection and disposal charge is a permissible user fee and not an impermissible tax; the decision of the township to place its policing authority behind the enforcement of the ordinance does not render the user fee a tax for purposes of the Headlee Amendment. We therefore conclude that the waste collection and disposal fee is a valid user fee and its creation does not implicate the Headlee Amendment.

Likewise, we conclude that the charge authorized by § 9.126(e) of the ordinance does not implicate the Headlee Amendment. Much like the photocopying fee for documents authorized by the inspection of records act, MCL 565.551, the fee authorized by this section "cannot be considered a 'tax' under any reasonable meaning of the term." *Lapeer Co Abstract & Title Co v Lapeer Co Register of Deeds,* 264 Mich App 167, 182; 691 NW2d 11 (2004). Rather, the section possesses all the characteristics of a valid penalty provision, as does § 9.126(f). The township is to invoke the sections against only those residents delinquent in the payment of collection and disposal fees owed to Great Lakes for services provided. Their presence in the ordinance serves to encourage compliance with the township's waste disposal plan and payment of the fees charged by the waste hauler. The sections further a permissible regulatory function. If single family generation site owners can ignore the ordinance's mandates with impunity, then the regulatory purposes of efficient collection and disposal of waste and protecting the health of township residents will go unfulfilled.

Also, although the monetary penalty authorized by § 9.126(e) certainly could generate some *de minimis* revenue for the township, the documentation offered in support of the cross-motions for summary disposition

failed to demonstrate that the penalty confers any tax-like benefit on the general public. In sum, we conclude that the township's Ordinance 211 does not impose taxes or implicate the Headlee Amendment.

IV

We also conclude that defendants' failure to rebid the single waste hauler contract after the initial three-year phase was completed does not violate the Commerce Clause under the dormant Commerce Clause doctrine. The Commerce Clause of the United States Constitution provides that Congress shall have the power "[t]o regulate commerce . . . among the several States . . . ." US Const, art I, § 8, cl 3. "Although the Commerce Clause [constitutes] an affirmative grant of power to Congress to regulate interstate and foreign commerce, the Clause also has long been recognized as a self-executing limitation on the power of the States to enact regulations imposing substantial burdens on such commerce." *USA Recycling, Inc v Babylon*, 66 F3d 1272, 1281 (CA 2, 1995) (citation deleted). This restriction on state power has become known as the "negative" or "dormant" Commerce Clause doctrine. It "denies the States the power unjustifiably to discriminate against or burden the interstate flow of articles of commerce." *Westlake Transportation*, 255 Mich App at 618, quoting *Oregon Waste Sys v Dep't of Environmental Quality*, 511 US 93, 98; 114 S Ct 1345; 128 L Ed 2d 13 (1994); *USA Recycling*, 66 F3d at 1281.

The test for determining whether a regulation violates the dormant Commerce Clause doctrine involves a two-step analysis. The first inquiry is whether the challenged statute or ordinance facially discriminates against interstate commerce. *C & A Carbone, Inc v Clarkstown, New York*, 511 US 383, 390; 114 S Ct 1677;

128 L Ed 2d 399 (1994); *Oregon Waste*, 511 US at 99; *Houlton Citizens' Coalition v Town of Houlton*, 175 F3d 178, 185 (CA 1, 1999); *Westlake Transportation*, 255 Mich App at 619. In other words, the inquiry concerns whether the statute or ordinance evinces "a discriminatory purpose or merely a discriminatory effect." *Nat'l Solid Waste Mgt Ass'n v Pine Belt Regional Solid Waste Mgt Auth*, 389 F3d 491, 497 (CA 5, 2004) " '[D]iscrimination' simply means differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." *Oregon Waste*, 511 US at 99. A statute or ordinance that discriminates on its face against interstate commerce and in favor of local businesses is virtually invalid per se. *C & A Carbone*, 511 US at 392; *Pine Belt*, 389 F3d at 497. The statute or ordinance will be unconstitutional unless the state governmental body can show, under rigorous scrutiny, that it has no other means to advance a legitimate local interest. *Pine Belt, supra*.

If the statute or ordinance does not discriminate against interstate interests on its face, a balancing test must be performed to determine whether the statute or ordinance "merely regulates evenhandedly with only incidental effects upon interstate commerce." *Westlake Transportation*, 255 Mich App at 619, citing *Oregon Waste*, 511 US at 99. The statute or ordinance will be upheld under this balancing test "unless the burden imposed on interstate commerce is 'clearly excessive in relation to the putative local benefit.' " *Pine Belt*, 389 F3d at 497 (citations deleted).

Plaintiff argues that the township's extensions of the Great Lakes contract in 2000 and again in 2003 for additional three-year periods without the rebidding of the contract violate the dormant Commerce Clause doctrine. Plaintiff asserts that the failure to rebid the

contract impermissibly burdened interstate commerce because it benefited the local proprietor to the detriment of other in-state and out-of-state competitors. The party challenging the constitutionality of a statute or ordinance under the Commerce Clause bears the burden of establishing the unconstitutionality of the legislative act. *USA Recycling*, 66 F3d at 1281-1282.

Neither party provides, and we have not found, authority specifically addressing the question presented in this appeal. Nevertheless, we take some guidance from *Houlton Citizens' Coalition*. In *Houlton Citizens' Coalition,* the court rejected a challenge under the dormant Commerce Clause doctrine to an ordinance that, in part, authorized the town of Houlton to grant an exclusive waste collection and disposal contract to a local waste hauler and processor. The court noted that although the grant of an exclusive contract to a single waste hauler is suspect, it is not a violation per se of the clause. *Id.* at 186-187. Rather, an exclusive contract can pass constitutional muster as long as the legislative act authorizing the awarding of the contract does not reflect the promulgation of a protectionist policy and in-state and out-of-state bidders are equally allowed to compete freely. *Id.* at 188.

> After all, in-state interests are not unduly pampered, nor out-of-state competitors unduly burdened, when a municipality awards an exclusive contract to a low bidder (from whatever state or region) after a fair and open bidding process. In such circumstances, unrestricted access to the bidding process constitutes unrestricted access to the relevant market. [*Id.* at 188-189.]

Our review of the ordinance reveals that it contains no prohibition against accepting bids from out-of-state waste haulers or against awarding the collection and disposal contract to an out-of-state waste hauler. A

review of the advertisement for bids and the bid package distributed to aspirants reveals that neither contains language excluding out-of-state waste haulers from submitting a bid or ultimately being chosen as the township's solid waste hauler. Defendants received only four bids, and all were from waste haulers with Michigan addresses. Defendants awarded the contract to Great Lakes because it met the qualified hauler criteria and submitted the lowest bid. Under these circumstances, the ordinance does not facially discriminate against interstate commerce. Instead, the ordinance regulates commerce evenhandedly with no more than incidental effects on interstate trade. See, *USA Recycling*, 66 F3d at 1290 (the awarding of an exclusive waste collection and disposal contract to a waste hauler neither discriminates against nor imposes any burden on interstate commerce where the selection is the result of an open bidding process that does not exclude out-of state bidders).

Further, both the bidding packet and advertisement for bids clearly stated that the initial contract was for a period of three years with an option to extend for three-year increments exercisable by defendants. Plainly, all potential bidders were aware of the extension option and had the opportunity to tender bids with this knowledge. Such an extension provision is not, in and of itself, unreasonable considering the successful bidder's substantial commitment of equipment and other resources required to ensure the fulfillment of its contractual obligations. Although plaintiff asserts that the failure to rebid the contract after each three-year period burdened interstate commerce to the benefit of local interests, he provides no documentation establishing the existence of any out-of-state waste haulers somehow regulated out of the selection process. Indeed,

the only waste haulers that submitted bids in the first instance were waste haulers with Michigan business addresses.

Because the ordinance required defendants to award the contract by competitive bid, and because the bid advertisement and bidding packet clearly placed all potential bidders on notice that they would be bidding for a three-year contract subject to extension, defendants' selection process evenhandedly regulates commerce and only incidentally affects interstate commerce. Further, in light of the waste hauler's substantial resource commitment required under the contract, defendants' strong interest in effective and efficient waste collection and disposal, and plaintiff's failure to document anything more than a virtually imperceptible burden placed on interstate commerce by the bidless renewal process, plaintiff has not shown that the burden imposed on interstate commerce is clearly excessive in relation to the putative local benefits. Accordingly, defendants' bidless renewal process does not violate the dormant Commerce Clause doctrine.

Affirmed in part and reversed in part.