# STATE OF MICHIGAN

# COURT OF APPEALS

PRUDENTIAL PROTECTIVE SERVICES, LLC,

        Plaintiff-Appellee/Cross-Appellant,

v

THE NRP GROUP, LLC,

        Defendant-Appellant/Cross-
        Appellee.

UNPUBLISHED
March 24, 2015

No. 318957
Wayne Circuit Court
LC No. 13-001027-CK

Before: BOONSTRA, P.J., and SAWYER and O'CONNELL, JJ.

PER CURIAM.

Defendant appeals as of right an order granting summary disposition to plaintiff in this contract dispute. We affirm the trial court's grant of summary disposition to plaintiff, but remand for the trial court to provide further explanation regarding plaintiff's request for attorney fees.

On appeal, defendant argues that it is not liable for any amount to plaintiff under the contract between the parties because defendant was acting as an agent for a disclosed principal. Specifically, defendant contends that there was a genuine issue of material fact regarding whether it was personally liable, because plaintiff was aware that it was actually dealing with defendant's principals. Defendant argues that plaintiff accepted payments from defendant's principals, and that it was informed during contract negotiations that defendant was merely an agent for individual property owners. We disagree.

Plaintiff moved for summary disposition pursuant to MCR 2.116(C)(9) and MCR 2.116(C)(10). This Court reviews a trial court's decision on a motion for summary disposition de novo. *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). "A motion for summary disposition brought pursuant to MCR 2.116(C)(9) tests the sufficiency of the defendant's pleadings by accepting all well-pleaded allegations as true. Summary disposition under this rule is proper if the defendant fails to raise a valid defense to a claim." *Wheeler v Charter Twp of Shelby*, 265 Mich App 657, 663; 697 NW2d 180 (2005). "'If the defenses asserted are so clearly untenable as a matter of law that no factual development could possibl[y] deny the plaintiff's right to recovery,' then summary disposition under this rule is proper." *Id.,* quoting *Dimondale v Grable*, 240 Mich App 553, 564; 618 NW2d 23 (2000). A motion for summary disposition pursuant to MCR 2.116(C)(10) "requires this Court to review the pleadings, affidavits, and other

-1-

documentary evidence submitted, make all reasonable inferences therefrom, and determine whether a genuine issue of material fact exists, giving the nonmoving party the benefit of reasonable doubt." *Id.* (citations omitted). In order to survive a motion for summary disposition under this rule, the nonmoving party is required to produce evidence demonstrating a material dispute of fact left for trial. *Id.*

"Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract." *Riddle v Lacey & Jones*, 135 Mich App 241, 246; 351 NW2d 916 (1984), quoting 2 Restatement Agency, 2d, § 320, p 67. Further:

> Whether or not a person purporting to act as agent for another becomes a party to the contract depends upon the agreement between such person and the other party. . . . [A] principal is disclosed if, at the time of making the contract in question, the other party to it has notice that the agent is acting for a principal and of the principal's identity. One who purports to contract on behalf of a designated person does not manifest by this that he is making a contract on his own account, and only where he so manifests does the agent become a party to the contract which he makes for the principal. In the absence of other facts, the inference is that the parties have agreed that the principal is, and the agent is not, a party. [*Id.* at 246-247, quoting 2 Restatement Agency, 2d, § 320, comment *a*.]

This Court has stated that "an agent may work on behalf of a principal within the scope of the agency agreement as if the agent had stepped into the shoes of the principal without incurring any personal liability." *PM One, Ltd v Dep't of Treasury*, 240 Mich App 255, 266-267; 611 NW2d 318 (2000). However, this Court has also held that where a principal is disclosed and the agent is known to be working on behalf of the principal, the agent may still agree to be held personally liable under the terms of a contract. *National Trout Festival, Inc v Cannon*, 32 Mich App 517, 521; 189 NW2d 69 (1971). Moreover, a "contract must be interpreted according to its plain and ordinary meaning." *Holmes v Holmes*, 281 Mich App 575, 593; 760 NW2d 300 (2008).

Defendant presented no evidence regarding its own contracts, if any existed, between it and the individual property owners for which defendant managed residential properties. Accordingly, the only evidence included in the lower court record is the parties' contract itself, Holly Powell's deposition and affidavit, and Theodore Einhorn's affidavit. Under the terms of the contract, there is no mention of any property owners; defendant is expressly noted as the "Client" for the purposes of the contract. Further, under the plain terms of the contract, defendant agreed "to pay [plaintiff] . . . fees" based on the services provided. Defendant essentially relies on one piece of evidence to support its assertion that plaintiff was aware that defendant was an agent not subject to personal liability: Powell's statements that during contract negotiations, plaintiff was made aware that it was actually contracting with individual property owners, not defendant. Defendant also argues that plaintiff's practice of accepting payment in the form of checks from the property owners signifies that it knew it was dealing with the property owners as principals.

Even though plaintiff accepted checks from parties other than defendant for services provided under the contract, it appears from the record that defendant was responsible for actually making those payments. Defendant accepted invoices from plaintiff, defendant inputted the invoices into its internal computer systems, and defendant actually sent out the checks to plaintiff. Further, when invoices stopped being paid on time, plaintiff sought payment from defendant, and one of defendant's employees traveled to plaintiff's offices to discuss having some of the amount due reduced. Based on the language of the contract, the only parties to the contract were plaintiff and defendant. There was no evidence presented that plaintiff ever worked or communicated with any other party relating to the contract, except for accepting checks emanating from the bank accounts of property owners. Even giving defendant the benefit of reasonable doubt, defendant expressly agreed to make payments for services provided under the contract, without mention of any principal. Accordingly, the trial court's decision to grant plaintiff's motion for summary disposition under MCR 2.116(C)(10) was correct because there was no genuine issue of material fact regarding whether defendant was personally liable under the contract.

On cross-appeal, plaintiff argues that the trial court abused its discretion when it denied plaintiff's request for attorney fees. Specifically, plaintiff contends that the contract expressly provides for defendant to pay plaintiff's reasonable attorney fees in the event of a dispute arising from the contract. Plaintiff argues that the trial court erred when it denied plaintiff's request for attorney fees without providing any explanation or rationale. We agree.

Regarding an award of attorney fees, this Court reviews underlying findings of fact for clear error. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). Questions of law are reviewed de novo. *Id.* However, "we review the court's decision whether to award attorney fees and the determination of reasonableness of the fees for an abuse of discretion." *Id.*

Generally, attorney fees are not recoverable in Michigan as an element of costs or damages unless an express legal exception applies. *Fleet Business Credit v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 589; 735 NW2d 644 (2007). "The parties to a contract may include a provision that the breaching party will be required to pay the other side's attorney fees and such provisions are judicially enforceable." *Zeeland Farm Services, Inc v JBL Enterprises, Inc*, 219 Mich App 190, 195; 555 NW2d 733 (1996). "However, recovery is limited to reasonable attorney fees." *Id.* at 195-196. The party claiming the right to an award of attorney fees is responsible for introducing evidence of the reasonableness of the attorney fees. *Id.* at 196. Attorney fees that are awarded pursuant to a contractual provision are considered damages, not costs. *Fleet Business Credit*, 274 Mich App at 589.

In determining what amount of attorney fees is reasonable, this Court considers:

(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. [*Wood v Detroit Auto Inter-Ins Exchange*, 413 Mich 573, 588; 321 NW2d 653 (1982).]

This Court also considers "the fee customarily charged in the locality for similar legal services" which should be "multiplied by the reasonable number of hours expended in the case." *Smith v Khouri*, 481 Mich 519, 530-531; 751 NW2d 472 (2008). Under the terms of the contract, defendant agreed to "pay reasonable attorney and all collection agency and other fees and expenses which may be incurred by [plaintiff] in the collection of unpaid invoices or any part thereof." Further, in plaintiff's motion for summary disposition, plaintiff specifically addressed the *Wood* factors, ultimately requesting $3,500 in attorney fees. Though the trial court stated that plaintiff's request for attorney fees was denied, it provided no rationale or explanation, either at the hearing or in its order. Because the parties specifically included language in their contract regarding attorney fees, the trial court abused its discretion when it denied the request without explanation. Accordingly, the case is remanded so that the trial court can provide its reasoning on the record.

Affirmed in part, but remanded for further proceedings regarding plaintiff's request for attorney fees. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Peter D. O'Connell

-4-