*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OSHTEMO RESIDENTS ASSOCIATION, INC.,

Plaintiff-Appellant,

v

OSHTEMO CHARTER TOWNSHIP,

Defendant-Appellee.

UNPUBLISHED
March 23, 2023

No. 361731
Kalamazoo Circuit Court
LC No. 2020-000163-CZ

Before: K. F. KELLY, P.J., and BOONSTRA and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition under MCR 2.116(C)(10) in favor of defendant. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff, Oshtemo Residents Association, Inc., is a nonprofit residential real estate association consisting of individual members who, at the relevant time period, each owned real property required to connect to public sewers because of defendant Oshtemo Charter Township's sanitary sewer expansion project. In January 2016, defendant amended § 232.008 of the Oshtemo General Ordinance, requiring residents next to existing sewers to connect to the sewer system and pay a connection fee. If a resident failed to connect to the sewer system within the prescribed period and pay the connection fee, defendant had the right to file a lien on the property, impose a civil infraction for each day of noncompliance, and terminate water supply to the property.

Plaintiff filed an amended complaint alleging that defendant violated the Headlee Amendment by requiring plaintiff to pay an unacceptable connection fee when connecting to the sewer system. Plaintiff also alleged that defendant violated the Equal Protection Clause of the Michigan Constitution by charging plaintiff a significantly increased connection fee compared to

-1-

similarly situated residents who had already connected to the sewer system at or near the time of installation.[1]

Defendant moved for summary disposition under MCR 2.116(C)(10), contending that "the issue that is joined and presented to this Court for determination is whether the 'connection fee' imposed by Defendant Township is a user fee or a tax." After a hearing on the motion, the trial court found that plaintiff failed to establish a genuine issue of material fact that the connection fee implicated the Headlee Amendment. Accordingly, the trial court entered an order granting summary disposition under MCR 2.116(C)(10) in defendant's favor. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision to grant or deny a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). "A motion brought under MCR 2.116(C)(10) requires this Court to review the pleadings, affidavits, and other documentary evidence submitted, make all reasonable inferences therefrom, and determine whether a genuine issue of material fact exists, giving the nonmoving party the benefit of reasonable doubt." *Wheeler v Shelby Charter Twp*, 265 Mich App 657, 663; 697 NW2d 180 (2005). "[T]he nonmoving party must produce evidence showing a material dispute of fact left for trial in order to survive a motion for summary disposition under [MCR 2.116(C)(10)]." *Dimondale v Grable*, 240 Mich App 553, 566, 618 NW2d 23 (2000). The nonmoving party cannot simply state that summary disposition is premature without identifying a disputed issue and supporting that issue with independent evidence.

This Court also "reviews de novo matters of statutory construction, including the interpretation of ordinances." *Soupal v Shady View, Inc*, 469 Mich 458, 462; 672 NW2d 171 (2003). This Court further reviews de novo questions of law, including whether a charge constitutes a tax or a permissible fee. *Bolt v Lansing*, 459 Mich 152,158; 587 NW2d 264 (1998).

## III. ANALYSIS

Plaintiff argues that the trial court erred when it granted summary disposition in defendant's favor because plaintiff raised a genuine issue of material fact by rebutting the connection fee's presumed reasonableness. We disagree.

The Headlee Amendment, Const 1963, art 9, § 6 and §§ 25 to 34, in relevant part, states:

> Units of Local Government are hereby prohibited from levying any tax not authorized by law or charter when this section is ratified or from increasing the rate of an existing tax above that rate authorized by law or charter when this section is ratified, without the approval of a majority of the qualified electors of that unit of Local Government voting thereon. [Const 1963, art 9, § 31.]

---

[1] The issue of whether application of the ordinance violates equal protection is not at issue on appeal.

The application of this section of the Headlee Amendment is triggered by the levying of a tax. *Bolt*, 459 Mich at 158. The levying of any new tax without voter approval violates this section of the Headlee Amendment. *Jackson Co v City of Jackson*, 302 Mich App 90, 99; 836 NW2d 903 (2013). "A unit of local government may institute a user fee, however, without violating the Headlee Amendment because, rather than being an exercise of the unit's power to tax, [such action] is an exercise of the unit's police power to regulate the public health, safety, and welfare." *Wheeler*, 265 Mich App at 664. If challenged, the plaintiff bears the burden of establishing the unconstitutionality of the charge at issue. *Jackson Co*, 302 Mich App at 98.

"There is no bright-line test for distinguishing between a valid user fee and a tax that violates the Headlee Amendment." *Bolt*, 459 Mich at 160. In general, "a fee is exchanged for a service rendered or a benefit conferred, and some reasonable relationship exists between the amount of the fee and the value of the service or benefit. A tax, on the other hand, is designed to raise revenue." *Id.* at 161 (quotation marks and citations omitted). The Michigan Supreme Court has identified three key criteria to use when distinguishing between a user fee and a tax: (1) a user fee serves a regulatory purpose rather than a revenue raising purpose, (2) a user fee is proportionate to the necessary costs of that service, and (3) a user fee is voluntary in that property owners are able to refuse or limit their use of the service. *Id.* at 161-162. "These criteria are not to be considered in isolation, but rather in their totality, such that a weakness in one area would not necessarily mandate a finding that the charge is not a fee." *Wheeler*, 265 Mich App at 665 (brackets, quotation marks, and citations omitted).

Under the first *Bolt* factor, the connection fee at issue comprises a fee rather than a tax. Although "a fee must serve a primary regulatory purpose, it can also raise money as long as it is in support of the underlying regulatory purpose." *Graham v Kochville Twp*, 236 Mich App 141, 151; 599 NW2d 793 (1999). The connection fee serves a regulatory purpose rather than a revenue raising purpose. See *Bolt*, 459 Mich at 161. The connection fee was necessary to recover construction cost of residential sewer extension and finance sewer infrastructure. This sanitary sewer expansion project, an exercise of defendant's power to regulate the public health, safety, and welfare, serves a regulatory purpose. See MCL 333.12752 ("The connection to available public sanitary sewer systems at the earliest, reasonable date is a matter for the protection of the public health, safety, and welfare and necessary in the public interest which is declared as a matter of legislative determination.").

Under the second *Bolt* factor, the sewer connection fee also constitutes a fee rather than a tax. This Court presumes the amount of the fee to be reasonable, " 'unless the contrary appears upon the face of the law itself, or is established by proper evidence . . . .' " *Graham*, 236 Mich App at 154-155, quoting *Vernor v Secretary of State*, 179 Mich 157, 164, 167-169; 146 NW 338 (1914). The burden of proof is on the plaintiff to overcome this presumption of reasonableness. *Trahey v Inkster*, 311 Mich App 582, 594; 876 NW2d 582 (2015).

The connection fee bears the classic characteristics of a user fee. See *Wheeler*, 265 Mich App at 665. The record shows that defendant used the connection fee to offset the costs stemming from defendant's sanitary sewer expansion project. The evidence that plaintiff supplied to the trial court offers no grounds to rebut this presumption. Nevertheless, plaintiff argues that testimony from plaintiff's expert, who explained that the data defendant used to determine the connection fee

was not sufficient to calculate a reasonable connection fee amount, was evidence to rebut the connection fee's presumed reasonableness. We disagree.

It is plaintiff's burden to establish the unreasonableness of the connection fee by rebutting the presumption of reasonableness, but plaintiff failed to provide such an evidentiary basis. Plaintiff's expert did not opine that the connection fee was unreasonable. Indeed, the expert testified that, on the basis of the documents reviewed, he could not opine on whether the connection fee was reasonable. Plaintiff mistakenly construes the absence of evidence proving the connection fee's reasonableness as evidence itself that the connection fee was unreasonable. Aside from the expert's testimony, plaintiff did not present other evidence that the connection fee was unreasonable. Thus, plaintiff failed to satisfy its burden to survive a motion for summary disposition under MCR 2.116(C)(10) because plaintiff was required to submit evidence that the connection fee was, in light of the fee's presumed reasonableness, unreasonable. The record showed that plaintiff did not offer specific evidence that would have gave rise to a factual dispute regarding the connection fee's reasonableness.

Although the first two *Bolt* factors weigh in favor of characterizing the connection fee as a "fee," the third *Bolt* factor—the voluntariness of the connection fee—does not. The ordinance, if applicable to a resident, clearly mandated participation in defendant's sanitary sewer expansion project. Oshtemo General Ordinance § 232.008. However, there is "[a]bsolutely no element of volition . . . involved because the ordinance makes failure to comply" a municipal civil infraction. *Wheeler*, 265 Mich App at 666; see Oshtemo General Ordinance § 232.026. Additionally, noncompliance enabled defendant to impose a fine, file a lien, and discontinue supply of water against the property of a delinquent resident. Oshtemo General Ordinance §§ 232.025-232.026. "Nevertheless, the lack of volition does not render a charge a tax, particularly where the other criteria indicate the challenged charge is a user fee and not a tax." *Wheeler*, 265 Mich App at 666. The first two *Bolt* factors so clearly demonstrate that the connection fee is a permissible user fee, and not an impermissible tax, that defendant's decision "to place its policing authority behind the enforcement of the ordinance does not render the user fee a tax for purposes of the Headlee Amendment." *Id.* at 667.

Considering the three *Bolt* factors in totality, the connection fee is a permissible fee, not an impermissible tax. Contrary to plaintiff's argument, the testimony of its expert did not establish a genuine issue of material fact as to whether the amount of the connection fee was unreasonable, disproportionate, or improper.

Affirmed. Defendant, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Mark T. Boonstra
/s/ James Robert Redford

-4-